## Appeal of D. C. Jackling.

Docket No. 4272.   Promulgated November 25, 1927.

*Lyle T. Alverson*, Esq., for the petitioner.

*George G. Witter*, Esq., and *E. C. Lake*, Esq., for the Commissioner.

318

OPINION.

MARQUETTE: The petitioner contends that in computing his net income for the year 1917 he is entitled to deduct the amount of the loss sustained by him in that year on the sale of the boat *Cyprus;* that regardless of whether said loss is deductible, collection of the additional tax assessed for 1917 is barred by the statute of limitations and that, therefore, under the provision of section 1106 (a) of the Revenue Act of 1926, the liability is extinguished and there is no

deficiency. We are of the opinion that the latter contention is well taken.

The petitioner's income and profits-tax return for the year 1917 was filed April 1, 1918, and the additional tax for that year was assessed on the March, 1923, assessment list. Under the provisions of section 250(d) of the Revenue Act of 1921, which provides that—

(d) The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this Act. * * *

the Supreme Court of the United States in *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346, held that the word "proceeding" as used in section 250(d) of the Revenue Act of 1921, includes distraint as well as suit, and that it was the intention of Congress by the clause "no suit or proceeding for the collection of any such tax * * * shall be begun after the expiration of five years after the date when such return was filed," to protect taxpayers against any proceeding whatsoever for collection of tax claims not made and pressed within five years.

The petitioner's return for the year 1917 was, as above stated, filed on April 1, 1918, and the petitioner not having signed and filed a waiver, the five-year period within which collection of the tax due on such return could be made, either by suit or by distraint, expired April 1, 1923, and collection of the tax became barred at that time. The bar to the collection of this tax was not removed by either the Revenue Act of 1924, or the Revenue Act of 1926. On the contrary the Revenue Act of 1926, by section 1106(a) thereof, provides that "the bar of the statute of limitations against the United States in respect to any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability * * *." It is therefore clear that although the taxes in question were assessed within five years from the date the return was filed, the collection thereof, that is the remedy, was barred on and after April 1, 1923, and that the remedy being barred at the date of the enactment of the Revenue Act

of 1926, the liability was extinguished by section 1106(a) of that Act. It follows that there is no deficiency for the year 1917. In view of what we have said it is unnecessary for us to decide whether the loss sustained by the petitioner on the sale of the *Cyprus* is a proper deduction from gross income for the year 1917.

The next question is whether the petitioner in computing his net income for 1918 is entitled to deduct the amount of $29,151.37, representing expenditures made by him in that year for the purposes and under the circumstances set forth in the findings of fact. The evidence clearly shows that these expenditures were made by the petitioner in furtherance and because of the work he was doing for the Government, and that they would not have been made except for the fact that he was in the service of the Government. They were not made for the benefit of his private business, but were entirely for the benefit of the Government and in furtherance of the work which it had requested the petitioner to supervise. While the amount may .seem large when considered as an expense in connection with an ordinary peace-time business, it must be borne in mind that the work which the petitioner was doing and in connection with which the expenses were incurred, was a great war-time enterprise, costing millions of dollars and carried on under the stress and pressure of war-time conditions, and in which early completion of the work was of more importance than low construction costs. We think that under the circumstances the amounts so expended by the petitioner constituted ordinary and necessary business expenses and that the deduction claimed should be allowed.

The last question is whether the Pacific Rice Mills sustained a loss in the fiscal year ended October 31, 1918, of the amount invested in and advanced by it to the American Lumber Co. If a loss was sustained by the partnership, the amount thereof is a proper deduction in computing the partnership's net income for that fiscal year and will affect the petitioner's income for the calendar year 1918. We are of opinion that the partnership, the Pacific Rice Mills, sustained a loss in the fiscal year ended October 31, 1918, in the amount claimed. The evidence shows that it invested in the stock of the corporation the amount of $25,000, and that it advanced the corporation money to continue its business until February, 1918, when having determined that the operation of the corporation would always be unprofitable, it caused the corporation to cease its activities and advanced further funds to liquidate the corporation's indebtedness. The advances after February, 1918, were made because under the laws of California the partnership, as sole stockholder of the corporation, was liable for its debts. The corporation had no assets other than the timber lease, which under the circumstances was in reality only a continuing liability. The fact that the corporation was not dissolved does not, in

our opinion, affect the question presented here. Its operations were permanently abandoned; it had no assets of any value, and the partnership lost its entire investment as well as the amounts it had advanced to operate and liquidate the corporation's obligations. *Appeal of Milton H. Bickley*, 1 B. T. A. 544; *Appeal of John Anthony Barry*, 2 B. T. A. 1095. The partnership should be allowed the deductions claimed and the petitioner's income for the year 1918 adjusted accordingly.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

ARUNDELL did not participate.

GREEN and LOVE dissent.